WILLIE BOB HOLLOWAY v. THE STATE.

No. 7130.     Decided April 25, 1923.

**Manslaughter—Newly-Discovered Evidence.**

Where, upon an appeal from a conviction of manslaughter, it is urged that newly discovered evidence entitles appellant to a new trial, but the record does not show that appellant was not fully cognizant of the facts set out in the motion or that a new trial could produce a different result, there was no error in overruling the motion for a new trial.

Appeal from the District Court of McLennan.    Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Taylor and Forrestor,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of McLennan County of manslaughter, and her punishment fixed at three years in the penitentiary.

That appellant cut or stabbed deceased near his heart and caused his speedy death, is not disputed.    The occurrence took place in a colored picture show, the parties all being negroes.    No complaint is made of any action of the trial court herein save the refusal of a new trial.    It is urged that newly discovered evidence entitled appellant to such new trial.    The affidavit of Pete Bradshaw attached to the motion presented what is claimed to be the newly discovered evidence.    Said motion was sworn to by appellant's counsel and contained the following: ''The failure to discover said testimony was not owing to any want or lack of diligence on the part of this defendant or her counsel.''    This was held not sufficient in Wilson v. State, 37 Texas Crim. Rep. 156.    It presents but a conclusion of the attorney and states no facts.    When we refer to the record we discover that one O. D. Jones was the party over whom apparently arose the quarrel between appellant and deceased which ended in the stabbing. Jones was a witness for appellant upon her trial which began February 6, 1922, and ended the next day.    Jones' testimony reveals the fact that he had frequently been with appellant since the homicide, and further that he called on her the night before he testified on said trial.    On the 7th of February, the day of the conclusion of the trial, Jones made affidavit that he was personally acquainted with Bradshaw, the newly discovered witness, at the time of the killing, and that Bradshaw had stated to him that he picked up a knife with a broken blade near where deceased fell.    When he became aware of this testimony is not shown.    There is nothing in the application for new trial further than the conclusion of the attorney, that appellant was not fully cognizant of these facts.    In Bradshaw's affidavit he states that he is personally acquainted with appellant. There is no sort of showing of any reason why appellant's special friend Jones, of whom deceased was jealous and about whom the lovers' quarrel came up that caused the killing, and who had called on her the night before her trial, and who testified for her the next day, should not have disclosed to her or her counsel by the exercise

of any reasonable diligence on their part, what Bradshaw had told him of the finding of such knife. The trial court may well have disposed of the motion for new trial upon the ground that same did not show diligence. In our opinion he may also have overruled same upon the proposition that he did not believe the evidence of the newly discovered witness would produce a different result. Appellant admitted the stabbing of deceased, and testified to the manner and character of it. Our conclusion is that her own testimony does not make out a case of self-defense. ' She made a written statement the next morning after the stabbing, which she reaffirmed upon the witness stand. She said that when deceased challenged her about a conversation she had just had with O. D. Jones and they quarreled a little about it, that he took a knife out of his pocket and opened it and that she slapped it out of his hand, picked it up from the floor and struck him twice with it. Even if deceased had then taken it away from her, as she claimed he had done, and dropped it near where he fell in the street, this would not prevent in any way her offense from being manslaughter. The wound in the breast of deceased was near his heart and was about two inches in depth and caused his death in a few minutes after the wound was inflicted. We find no error in the refusal of the motion for new trial for the reasons above stated. We do not think any other contention regarding said motion to be meritorious.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*